**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 21, 2009

Charles R. Fulbruge III
Clerk

No. 08-10978
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

SHANE SMITH,

Defendant-Appellant.

Appeal from the United States District Court
for the Northern District of Texas, Fort Worth Division
USDC No. 4:07-CR-187-2

Before JOLLY, WIENER, and ELROD, Circuit Judges.

PER CURIAM:[*]

Shane Smith was convicted by a jury of possession with intent to distribute more than 50 grams of cocaine base; possession with intent to distribute heroin; maintaining a drug involved premises; and possession of a firearm in furtherance of a drug trafficking crime. He was sentenced to 249 months in prison. Smith now appeals.

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

Smith avers that the district court erred in denying him the opportunity to impeach a witness, his codefendant Allen Carter, with affidavits of prior inconsistent statements and argues that he should have been granted a new trial on that basis. He argues that the error was "not just evidentiary" because it prevented him from exercising his constitutional rights of confrontation and cross-examination. The district court, in denying a motion for a new trial on this ground, conceded that it was error to deny Smith the opportunity to impeach Carter, but held that the error was harmless due to the overwhelming evidence of Smith's guilt.

A denial of a motion for new trial is reviewed for abuse of discretion. *United States v. Sanchez-Sotelo*, 8 F.3d 202, 212 (5th Cir. 1993). "The remedy of a new trial is rarely used; it is warranted only where there would be a miscarriage of justice or where the evidence preponderates heavily against the verdict." *United States v. O'Keefe*, 128 F.3d 885, 898 (5th Cir. 1997) (internal quotation and citation omitted).

This court reviews a district court's ruling on exclusion of evidence for abuse of discretion. *United States v. Ragsdale*, 426 F.3d 765, 774 (5th Cir. 2005). "An abuse of discretion in admitting or excluding evidence is subject to harmless error review." *United States v. Yanez Sosa*, 513 F.3d 194, 201 (5th Cir. 2008). The harmless error doctrine requires that the conviction be affirmed unless "there is a reasonable possibility" that the district court's error "contributed to the conviction." *Id.*; *see also* Fed. R. Crim. P. 52(a) ("Any error, defect, irregularity, or variance that does not affect substantial rights must be disregarded.").

A defendant convicted in violation of the Confrontation Clause is entitled to a new trial unless the error was harmless in that there "'there was [no] reasonable possibility that [the error] complained of might have contributed to the conviction.'" *Chapman v. California*, 386 U.S. 18, 24 (1967) (quoting *Fahy v. Connecticut*, 375 U.S. 85, 86-87 (1963)). The Government bears the burden of

establishing the error is harmless beyond a reasonable doubt. *United States v. Akpan*, 407 F.3d 360, 377 (5th Cir. 2005).

Smith avers that had he been able to impeach Carter with Carter's earlier, contradictory statements, there is a reasonable possibility that the jury would have acquitted him. However, the evidence against Smith was overwhelming. The Government presented the testimony of law enforcement agents, the testimony of the confidential informant who negotiated with Smith and then purchased drugs from Carter at Smith's instruction, Smith's own statements to a law enforcement agent as well as to a third party after his arrest, and drugs, cutting agents, cash, and paraphernalia found in Smith's house and vehicle. Further, Carter had pleaded guilty to the same counts on which Smith was convicted. The challenged testimony concerned only whether and how well Carter was acquainted with the confidential informant. There is no reasonable possibility that the jury would not have convicted Smith had Smith been permitted to impeach Carter. *See Chapman*, 386 U.S. at 24; *Yanez Sosa*, 513 F.3d at 201. Accordingly, the judgment is AFFIRMED.